Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

Jacksonville Division

| | |
|---|---|
| Abdelaziz Hamze | Case No. 3:21-cv-565-MMH-JBT |
| Plaintiff(s) | (to be filled in by the Clerk's Office) |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |
| -v- | |
| Sergeant Gerow, Sergeant Warner, Sergeant Brown, Lieutenant Hall, Nurse Jackson and Nurse Burgeon | FILED  20 JUN -1 PM 12:18 |
| Defendant(s) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.  Do not include addresses here.) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Abdelaziz Hamze |
| All other names by which you have been known: | |
| ID Number | L81379 |
| Current Institution | Wakulla Correctional Institution Annex |
| Address | 110 Melaleuca Drive |
| | Crawfordville, FL 32327 |
| | *City*   *State*   *Zip Code* |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Sergeant Gerow |
| Job or Title *(if known)* | Sergeant |
| Shield Number | |
| Employer | Florida Department of Corrections |
| Address | Florida State Prison, 23916 NW 83rd Ave |
| | Raiford, FL 32026 |
| | *City*   *State*   *Zip Code* |

☒ Individual capacity   ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Sergeant Warner |
| Job or Title *(if known)* | Sergeant |
| Shield Number | |
| Employer | Florida Department of Corrections |
| Address | Florida State Prison, 23916 NW 83rd Ave |
| | Raiford, FL 32026 |
| | *City*   *State*   *Zip Code* |

☒ Individual capacity   ☒ Official capacity

Page 2 of 13

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
  Name: Sergeant Brown
  Job or Title (if known): Sergeant
  Shield Number:
  Employer: Florida Department of Corrections
  Address: Florida State Prison, 23916 NW 83rd Ave
  Raiford, FL 32026
  City   State   Zip Code
  ☒ Individual capacity   ☒ Official capacity

Defendant No. 4
  Name: Lieutenant Hall
  Job or Title (if known): Lieutenant
  Shield Number:
  Employer: Florida Department of Corrections
  Address: Florida State Prison, 23916 NW 83rd Ave
  Raiford, FL 32026
  City   State   Zip Code
  ☒ Individual capacity   ☒ Official capacity

continued on p 3a

**II.   Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

| | |
|---|---|
| Defendant No. 5 | |
| Name | Nurse Jackson |
| Job or Title (if known) | Nurse |
| Shield Number | |
| Employer | Florida Department of Corrections |
| Address | Florida State Prison, 23916 NW 83rd Ave |
| | Raiford, FL 32026 |
| | _X_ Individual Capacity     _X_ Official Capacity |

| | |
|---|---|
| Defendant No. 6 | |
| Name | Nurse Burgeon |
| Job or Title (if known) | Nurse |
| Shield Number | |
| Employer | Florida Department of Corrections |
| Address | Florida State Prison, 23916 NW 83rd Ave |
| | Raiford, FL 32026 |
| | _X_ Individual Capacity     _X_ Official Capacity |

3a

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☒ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner
☐ Other *(explain)*

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.
Florida State Prison. On or about January 20, 2018

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

January 20, 2018.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1. On January 20, 2018, at F.S.P. in C wing while I was housed in cell 1101, my cell door was approached by Sergeant Gerow who asked me if I wanted to go to medical for a sick-call and I questioned why they were doing sick-call on a weekend. He said they do that sometimes due to being short on staff on weekdays and he said that if I refuse, I won't be called out during next week.

2. As I walked towards the medical department, Gerow again told me that this was a sick-call call-out and that they had to do it on a weekend.

3. As I entered medical, the emergency room, Nurse Jackson asked me to lay down on a treatment bunk, after which she placed EKG pad on my chest and abdomen and then said there is "nothing wrong with him." I asked her if this call-out was in regards to the sick-call I filed Thursday and she said "No, this is not a sick-call but an emergency." This indicates that the security and medical staff have arranged to pull me out for a medical emergency while I didn't declare one to any.

4. Then Nurse Jackson took the EKG pads off and asked me: "Do women rule the world?" and I answered: "No, not that I know." Then she said: "You were supposed to say 'Yes, Ma'am' but you will learn the hard way," and she left the emergency room with Nurse Burgeon who was with her in the room with Sergeant Gerow, who came back seconds later to take me back to my wing.

5. Sergeant Brown and Sergeant Warner entered the E.R. along with Sergeant Gerow and then Gerow approached me and punched me on the side of my head and then pulled me away from the treatment bunk and Sergeant Warner then punched me in my face and then Sergeant Brown did the same. They punched me in the face several times each until I was knocked down to the floor and then they started kicking me with full force, all three of them, in my face, arms, legs and Sergeant Brown started jumping up in the air repeatedly and landing on my back and leg. Brown weighs over 300 pounds and I told him that this will break my leg to which he answered: I am trying to break it. And then he continued kicking me and stepped on my ankle pressing all his weight saying "break this motherfucker."

6. All kicked me till I bled from my mouth and nostrils and eyes and head for no violation or penalogical reason because I was not in violation of any DOC rules. This was a sadistic and malicious staff abuse and excessive force intended for only wanton infliction of pain on my person. This senseless abuse lasted for 5 minutes, during which I was called "terrorist" and the above staff members are responsible for this unnecessary infliction of pain in their individual and official capacities.

7. Afterwards, Lieutenant Hall came with a hand held camera and told the nurses to diagnose my injuries. Nurse Jackson entered the E.R. again with Nurse Burgeon who only put the ear torch in my ears and said nothing is wrong with him. These nurses chatted cheerfully with the abusing officers and told them to cover my facial injuries and that they will clean the blood off the floor. Then Nurse Burgeon said "take him back to his cell" and "good job guys."

8. As I arrived back in my cell, Lieutenant Hall said that there will be much more than this. I asked him why would they jump on me while I am in full restraints so violently and I'm not in violation and he said: "Because you're a straight pussy, you ain't going to do shit anyway." I asked him if he knew about this beforehand, he said "yes, we were lurking for you."

9. This reflects that Lieutenant Hall is a culprit in this malfeasance, as well as nurses Jackson and Burgeon, by conspiring, pre-meditating and commanding and facilitating the above physical inhumane abuse of my person as a way to racially discriminate against me and politically persecute me for no fault of my own.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

1. As a result of this inhumane treatment, I suffered from severe injuries to my head, front and back, face with very significant swelling to my eye sockets, nose, cheeks, lips, chin, with excessive bleeding from my right eye, nostrils and mouth. The bleeding was so excessive that it wet the entire floor of the E.R. and my shirt and pants. The officers involved put a spit shield on my head and face to cover these injuries and refused to take any pictures of my injuries as required by the rule. Further, Sergeant Gerow also wrote me a false DR accusing me of attempting to spit on him.

2. I also suffered from severe injury to my neck, chest, shoulders, arms, abdomen, hips, thighs, shins, and ankles especially my right ankle, that I had extreme pain walking back to my cell.

3. In addition to the physical injuries above, I suffered from severe psychological and emotional pain and anguish as a result of the abuse herewith. This emotional injury is very significant that it is still causing me mental problems and disorders till this day, for which I am now housed in a stability treatment unit for mental health. It has resulted in aggravated major depressive disorder and nightmares and the loss of ordinary capacity for the enjoyment of life.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

The Plaintiff requests an order from this court declaring the action of all defendants, described herewith, a violation of state and federal law and a constitutional deprivation of Plaintiff's fundamental rights. The Plaintiff also requests an award of compensatory, punitive and nominal damages from the defendants, jointly and severally, and any other relief the court deems appropriate.
The Plaintiff demands a jury trial.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Florida State Prison

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

All

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

    Florida State Prison and Santa Rosa C.I.

2. What did you claim in your grievance?

    Excessive use of force and staff abuse

3. What was the result, if any?

    It was denied and appealed. The appeal was also denied.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

    I filed a formal grievance at the Institutional Level and appealed it to the central office.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I filed a verbal claim of staff abuse in Florida State Prison with the hand held camera.

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☒ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Yes, by the Middle District of Florida in 2015 and 2016. See attached case list.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

  1. Parties to the previous lawsuit
     Plaintiff(s) _____
     Defendant(s) _____

  2. Court *(if federal court, name the district; if state court, name the county and State)*
     _____

  3. Docket or index number
     _____

  4. Name of Judge assigned to your case
     _____

  5. Approximate date of filing lawsuit
     _____

  6. Is the case still pending?
     ☐ Yes
     ☐ No

     If no, give the approximate date of disposition. _____

  7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
     _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)    Abdelaziz Hamze
   Defendant(s)   Deputy Steele and Anderson

2. Court *(if federal court, name the district; if state court, name the county and State)*
   US Southern District Court of Florida

3. Docket or index number
   09-CV-60882-A.J.

4. Name of Judge assigned to your case
   Adalberto Jordan

5. Approximate date of filing lawsuit
   July 2009

6. Is the case still pending?
   ☐ Yes
   ☒ No
   If no, give the approximate date of disposition    January 2012

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   Dismissed and Affirmed on appeal

Continued on p 12a-12c

<u>Continued Answer of Question D</u>

<u>Lawsuits in the Southern District of Florida</u>

2. Hamze v. Broward County Main Jail; Case #: 09-CV-60876-WJZ

   Judge: William J. Zloch;

   Nature: Excessive Force and Endangerment

   Filed: 07/13/2009 & Terminated: 09/21/2009 for failure to Amend.

   Declared as strike in case 12-CV-61356 in S.D. Fla [D.E. 56].

3. Hamze v. Richardson; Case #: 09-CV-60966-WPD

   Judge: William P. Dimitrouleas;

   Nature: False DR in Retaliation & Destruction of Property.

   Filed: 07/15/2009 & Terminated: 10/23/2009 for failure to prosecute/Amend.

   Declared as strike in [D.E. 56] in 12-CV-61356 (S.D. Fla)

4. Hamze v. Cummings, et al.; Case #: 12-CV-61356-RNS

   Judge: Robert N. Scola, Jr.;

   Nature: Excessive Force, Endangerment & maintaining a dangerous ineffective remedy procedure & false charge.

   Filed: 07/09/2012 & Terminated in January 2015 for failure to exhaust. Affirmed on Appeal.

5. Hamze v. Doe, et al.; Case #: 11-CV-21227-JAL

   Judge: Joan Lenard;

   Nature: Excessive Force

   Filed: April 7, 2011. Disposition: Judgment in favor of the plaintiff on June 9, 2015.

<u>Previous Lawsuits in the Middle District Court of Florida</u>

Cases that were transferred from Orlando Division and assigned new case numbers in Jacksonville are listed under their new (permanent) numbers.

1. Hamze v. Countryman, et al.; Case #: 3:11-CV-00628-TJC-JRK

   Judge: Timothy J. Corrigan; Nature: Excessive Force, Retaliatory DR, Endangerment

   Filed: 06/27/11 & Terminated: 06/18/2012 for Failure to Amend

2. Hamze v. Tucker, et al.; Case #: 3:12-CV-01188-HWM-JRK

   Judge: Howard Melton; Nature: Denial of medial treatment, retaliatory DR & Cruel punishment.

   Filed: 10/29/12 & Terminated: 04/08/2013 for failure to Amend

3. Hamze v. Crews, et al.; Case #: 3:13-CV-00857-TJC-JRK

12a

   Filed: 7/11/13 & Terminated: 10/09/2013 for failure to Amend.

   Nature: Denial of Medical Treatment, Retaliatory DRs, and Cruel Punishment.

   Judge: Timothy J. Corrigan.

4. Hamze v. Swain, et al.; Case #: 13-CV-1371-TJC-JRK

   Judge: Timothy J. Corrigan; Nature: Excessive force, retaliatory DRs & denial of medical care

   Filed: 11/04/2013 &Dismissed 12/12/2018

5. Hamze v. Cardinal; Case #3:15-CV-00468-HLA-JBT.

   Nature: Excessive force, denial of medical care.

   Judge: H.L.A. Filed Apr/08/15 and Dismissed: Apr 16, 2015 for failure to pay the filing fee.

6. Hamze v. Warden, et al; Case # 15-CV-1037-BJD-PDB.

   Judge: Brian J. Davis. Filed around August 2015 & Dismissed in September 2015 for failing to pay the filing fee.

   Nature: Excessive force, Retaliatory transfers & Drs.

7. Hamze v. Cardinal, et al; Case # 15-CV-01310-MMH-JRK.

   Judge: James R. Klindt.

   Filed around November 2015 & Dismissed in March 2018.

8. Hamze v. Johnson et al; Case # 16-cv-00949-BJD-JBT

   Judge: Brian J. Davis

   Filed: 7/26/2016; Terminated: 7/27/2016

9. Hamze v. Johnson et al; Case # 16-cv-01022-TJC-JBT

   Judge: Timothy J. Corrigan

   Filed: 08/10/2016; Terminated: 08/17/2016

10. Hamze v. Braden et al; Case # 16-cv-01217-MMH-PDB

    Judge: Marcia Morales Howard

    Filed: 09/23/2016 ; Terminated: 09/27/2016.

11. Hamze v. Braden et al; Case # 16-cv-01293-BJD-MCR

    Judge: Brian J. Davis

    Filed:10/11/2016 ; Terminated: 02/20/2018

12. Hamze v. Johnson et al; Case #: 16-cv-01294-HES-PDB

    Judge: Patricia D. Barksdale

    Filed: 10/11/2016; Terminated: 01/04/2021.

13. Hamze v. Patten et al; Case #: 16-cv-01443-BJD-JBT

    Judge: Joel B. Toomey

12b

Filed: 11/18/2016; Terminated: 03/15/2018

14. Hamze v. Secretary, Florida Department of Corrections; Case #: 17-cv-01080-TJC-JBT

    Judge: Timothy J. Corrigan

    Filed: 09/26/2017; Terminated: 10/11/2017

### Previous Cases in the Northern District Court of Florida

1. Hamze v. Tifft, et al.; Case Number: 13-CV-301-MCR/EMT.

   Judge: M. Casey Rodgers. Nature: excessive force, denial of medical treatment, & retaliatory DRs

   Filed: April 2013 & Terminated on May 2013 for abuse of Judicial Process.

   Declared a strike in case 12-CV-61356-RNS in S.D. Fla in [D.E. 56], in which plaintiff was declared a 3-strike filer.

12c

IX.  **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5-20-2021

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Abdelaziz Hamze
Prison Identification #: L81379
Prison Address: Wakulla C.I., 110 Melaleuca Dr
Crawfordsville, FL 32327

B.  **For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address
Telephone Number
E-mail Address