UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ABDELAZIZ HAMZE,

       Plaintiff,

v.                                 Case No. 3:21-cv-565-MMH-JBT

SERGEANT GEROW, et al.,

       Defendants.

_____

## <u>ORDER</u>

    Plaintiff Abdelaziz Hamze, an inmate of the Florida penal system, initiated this action on May 20, 2021,[1] by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) pursuant to 42 U.S.C. § 1983. Hamze names as Defendants (1) Sergeant Gerow; (2) Sergeant Warner; (3) Sergeant Brown; (4) Lieutenant Hall; (5) Nurse Jackson; and (6) Nurse Burgeon. Before the Court is Hamze's Motion to Compel Production (Motion to Compel; Doc. 69), filed on April 11, 2023; Supplement to Motion to Compel (Supplement; Doc. 74), filed on May 3, 2023; and Motion for Injunctive Relief (Motion for Injunction; Doc. 70), filed on April 14, 2023.

_____

[1] Throughout this Order, the Court applies the mailbox rule to the filing dates of Hamze's pleadings. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (mailbox rule).

In the Motion to Compel, Hamze asks the Court to enter an order compelling Defendants Gerow, Warner, and Brown (Defendants) to produce requested discovery. According to Hamze, Defendants allowed him to inspect certain documents; however, he alleges that Defendants have not provided him with a bill of costs for copies of these documents. Motion to Compel at 1. Hamze also requests recordings of the wing and medical area, as well as to review pictures of Defendant Gerow and Charles Nosbisch. Id. He avers Defendants "did not object to providing the foregoing items enumerated in this motion." Id. at 2. Hamze also filed a Supplement in which he contends Florida Department of Corrections (FDOC) staff have impeded his access to discovery. See generally Supplement.

Defendants oppose the Motion. See Response (Doc. 71). They ask the Court to deny Hamze's Motion to Compel because he never conferred with Defendants before filing it in violation of Federal Rule of Civil Procedure 37(a) and Local Rule 3.01(g). Response at 2. Defendants allegedly discussed several issues with Hamze on April 12, 2023, after Hamze filed the Motion to Compel on April 11, 2023. Id. at 1. According to Defendants, they did not know about the Motion to Compel until it was docketed on April 17, 2023. Id. at 1-2.

Moreover, Defendants state the April 12th conference largely resolved the issues raised in the Motion to Compel. Id. at 2-3.

Pursuant to Local Rule 3.01(g), "before filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion." (Emphasis added). The conferral requirement encourages parties to amicably resolve differences "and thereby, from time to time, obviate the unnecessary taxing of the Court's time and judicial resources." Walker v. Corizon Health, Inc., No. 6:22-CV-1761-PGB-DAB, 2023 WL 422937, at *1 (M.D. Fla. Jan. 26, 2023). Here, Hamze failed to comply with the Court's Local Rules when he did not confer with Defendants before filing the Motion to Compel, and it is due to be denied on that basis alone. However, with the passage of time and conferral among the parties (i.e., April 12, 2023, telephonic conference), it also appears that some of the discovery issues may be resolved. Therefore, the Court will deny the Motion to Compel without prejudice to Hamze filing a new motion if the parties are unable to resolve the remaining disputes. He must confer with Defendants before filing a new motion to compel in compliance with Local Rule 3.01(g). Future filings that do not comply may be stricken.

3

Additionally, in his Motion for Injunction, Hamze asks the Court to enter an order restraining the FDOC from transferring him to Florida State Prison or "any institution at which any defendant in this case works." Motion for Injunction at 1. Although Hamze alleges the Motion for Injunction is "unopposed," Defendants respond that he has incorrectly stated their position. Response at 3. Indeed, they advise that they take no position on the Motion for Injunction. Id.

The Court finds Hamze has failed to comply with the requirements of the applicable Federal Rules of Civil Procedure and the Court's Local Rules. See, e.g., Fed. R. Civ. P. 65; M.D. Fla. R. 6.01, 6.02 (detailing the requirements for a motion seeking a temporary restraining order or preliminary injunction). Therefore, his request is due to be denied. Further, "the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002). "[I]nmates usually possess no constitutional right to be housed at one prison over another." Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) (citing Meachum v. Fano, 427 U.S. 215 (1976)). Thus, the Court lacks the authority to enter an order directing the FDOC to place Hamze in another facility or assign him to a particular level of protection.

Accordingly, it is now **ORDERED:**

1.      Hamze's Motion to Compel Production (Doc. 69) and Supplement to Motion to Compel (Doc. 74) are **DENIED without prejudice** to filing a new motion, if appropriate, that complies with Local Rule 3.01(g).

2.      Hamze's Motion for Injunctive Relief (Doc. 70) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of May, 2023.

**MARCIA MORALES HOWARD**
United States District Judge


Jax-9 5/9
c:      Abdelaziz Hamze, #L81379
        Counsel of record

5